## North Coventry Police Department v. North Coventry Township

*George P. Woods,* for plaintiff.
*Lawrence Sager,* for defendant.

PITT, *J.,* October 22, 1976 — Plaintiff seeks peremptory judgment in mandamus under the appropriate Rule of Civil Procedure. The parties agree that the rule allows the relief at any time on the condition that no factual issue exists. Defendant takes the position that a factual issue does

exist as to the qualification of the arbitrator appointed by plaintiff, and that, consequently, this court should not grant relief by way of order to defendant to proceed with the appointment of an arbitrator under the Act of June 24, 1968, P. L. 237 (No. 111), sec. 4, 43 P. S. §217.4.

Defendant avers that the arbitrator appointed by plaintiffs is an assistant district attorney and was consulted by the police department and referred this matter to the police department's present counsel, that the appointee's prosecutorial function in conjunction with the police presents the appearance of a conflict of interest and that his interest is otherwise in conflict with his position as arbitrator. The appointment of impartial arbitrators is based on high and lofty principle but becomes difficult in practical application.

We cannot permit some vague and indefinite pleading to prohibit the operation of the Rules of Civil Procedure. It is here fairly pleaded that the appointee of plaintiff is unqualified to serve as an arbitrator by virtue of his employment as an assistant district attorney. That specific question has been considered by a court in this Commonwealth, and we are persuaded by that decision, where it was held that a district attorney was qualified to so serve, that a factual issue has not been fairly raised or pleaded in the case at bar and that plaintiff is entitled to part of the relief which is sought. See Hanley v. City of Bradford, 50 D. & C. 2d 152 (1970). Thus, we enter the following

## ORDER

And now, October 22, 1976, for the reasons hereinabove stated, defendant, North Coventry

Township, is directed to appoint an arbitrator within ten days of this date.